## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

RANDY HARRIS and GLORIA HARRIS                                                  PLAINTIFFS

v.                                         No. 5:09CV00179 JLH

ROBERT LADD                                                                      DEFENDANT

### ORDER

The plaintiffs have filed a motion in limine to exclude anticipated testimony and the reports of Earl Peeples, M.D. They argue that he should not be allowed to testify because his expert testimony would be unhelpful and unreliable. They contend that his written report should not be allowed into evidence. They also argue that he should be precluded from testifying that their medical treatment was unnecessary, and that he should not be allowed to testify regarding secondary gain on their part.

In response, the defendant contends that Peeples is a qualified medical expert, and that he should be allowed to testify that the physical injuries for which the plaintiffs seek compensation were not caused by the accident.

The threshold issue is whether Peeples should be allowed to testify at all. First, Peeples is a medical doctor, an orthopedic surgeon, so he qualifies as an expert by knowledge, skill, experience, training, or education, under Rule 702 of the Federal Rules of Evidence. Secondly, "a defendant's medical expert may testify that the physical injuries for which the plaintiff seeks compensation were not caused by the accident." *Ponder v. Cartmell*, 301 Ark. 409, 411, 784 S.W.2d 758, 760 (1990). Therefore, Peeples may, as an expert, testify as to whether or not the injuries for which the plaintiffs seek compensation were caused by the accident. The fact that Peeples has only reviewed medical records and has not examined the plaintiffs goes to the weight of his testimony,

not to its admissibility. The plaintiffs' motion in limine is denied insofar as it seeks to exclude Peeples from testifying altogether.

While Peeples may testify whether the injuries for which the plaintiffs seek compensation were caused by the accident, he may not testify that the physicians misdiagnosed the plaintiffs or that the treatment recommended was not the proper treatment. *Ponder*, 301 Ark. at 411-12, 784 S.W.2d at 760-61. The Supreme Court of Arkansas has explained:

> It is true that a plaintiff who seeks to recover medical expenses must prove the expenses are reasonable and necessary. "Necessary" means causally related to the tortfeasor's negligence. If a plaintiff proves that her need to seek medical care was precipitated by the tortfeasor's negligence, then the expenses for the care she receives, whether or not the care is medically necessary, are recoverable.

*Id*. at 412, 784 S.W.2d at 761 (internal citations omitted).

As to the admissibility of the report, the defendant says that Peeples will testify at trial, so the issues regarding the admissibility of the report are moot. Although the defendant does not say so explicitly, the Court concludes that he does not intend to offer Peeples' report into evidence.

Finally, the plaintiffs contend that Peeples should be precluded from testifying regarding secondary gain. Their argument on that point is correct. Peeples has no foundation for testifying regarding the mental state of either of the plaintiffs, so he will not be allowed to offer testimony which would say explicitly or that would imply that the plaintiffs' purported injuries have anything to do with the possibility of secondary gain.

For the reasons stated, the plaintiffs' motion in limine is GRANTED IN PART and DENIED IN PART. Document #34.

IT IS SO ORDERED this 25th day of January, 2012.

*/s/ J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE